IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DINA KASWATUKA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE UNITED STATES DEPARTMENT | § | |
| OF HOMELAND SECURITY, | § | |
| | § | |
| Defendant | § | |

**COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW DINA KASWATUKA, Plaintiff, complaining of the United States Department of Homeland Security ("USDHS"), Defendant.

I.   PARTIES

1. Kaswatuka is a resident of Tarrant County, Texas.  USDHS is a governmental agency based in Washington, D.C.

II.   SERVICE OF PROCESS

2. Pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.043, USDHS may be served by delivering a copy hereof, together with summons, to the current acting Secretary of that agency, Kevin K. McAleenan at his office, 3801 Nebraska Avenue, N.W. Washington, D.C.

III.   JURISDICTION

1

(a) Subject Matter

Jurisdiction arises in this case pursuant to 28 United States Code § 1331, in that this case arises under several federal laws, including the Americans with Disabilities Act of 1990, 42 U.S.C. § 12212, *et. seq.*, the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*; and 42 U.S.C. § 1983.

(b) Personal

Personal jurisdiction lies over USDHS because it has operations in the Northern District of Texas, including at the Dallas Fort Worth International Airport ("DFW Airport").

## IV.   VENUE

3. Venue lies in the Northern District of Texas pursuant to 28 U.S.C. § 1391 (b) (2) because the Northern District is where a substantial part of the events or omissions giving rise to the claim occurred.

## V.   FACTS

4. Kaswatuka worked as a security officer at the DFW Airport until her wrongful termination on October 12, 2019.  She has exhausted all administrative remedies.  Kaswatuka is a military veteran and has a Bachelor Degree in Criminal Justice from the University of North Texas.

5. Kaswatuka suffered discrimination from representatives of USDHS based on (1) race (African American); national origin (Congo); sex (female); color (brown) and disability.  These acts by agents of USDHS took place on, among other dates, November 24, 2017; March 17, 2018; and March 27, 2018.  This discrimination dates back to 2016.

6. Thus, Kaswatuka is a member of several protected classes: (1) race; (2) national origin; (3) sex and color; (4) disability. Her disability is military sexual trauma.

7. Kaswatuka suffered discrimination based on race because several caucasian agents of USDHS falsely accused her to the police of hating America. Those same individuals hid her keys and food at work. Others of differing races were given better treatment.

8. Kaswatuka was discriminated against on the basis of color because agents of USDHS bullied her in an extreme manner; she was treated more poorly than others of other color.

9. Kaswatuka was discriminated against based on sex because her manager spoke about her military sexual trauma, questioned her about the condition and falsely called her a liar.

10. Kaswatuka was discriminated against based on disability because her disability information was illegally obtained to build a case against her by agents of USDHS. These agents made fun of her condition, called her a liar, and used statements from other USDHS agents who were harassing her and falsely claiming her to be unfit.

11. Kaswatuka was also subject to reprisals from agents of USDHS for having made a prior EEOC claim.

12. Kaswatuka was discriminated against based on national origin (Congo) because agents of USDHS falsely accused her of hating America and made the ridiculous claim that she was planning a shoot-out at the airport.

13. USDHS is liable for all of the aforementioned outrageous acts of its agents pursuant to the doctrine of *respondeat superior.*

## VI.    CAUSES OF ACTION

14. Kaswatuka restates the allegations above. All of the conduct of USDHS and its agents give rise to cause of action under the Americans with Disabilities Act of 1990 (42 U.S.C. § 12112, *et. seq.*) and the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et. seq.*). Additionally, because the agents of USDHS violated Kaswatuka's civil rights under color of law, USDHS has liability for damages pursuant to 42 U.S.C. § 1983.

## VII.    COMPENSATORY DAMAGES

15. Kaswatuka has suffered compensatory damages in the form of lost wages of about $2,000 to date; additionally, Kaswatuka has suffered compensatory damages in the nature of emotional distress, mental anguish, and loss of the ability to enjoy life. These are unliquidated damages and are subject to the discretion of the jury but are expected to amount to at least $200,000. Kaswatuka requests judgment for these compensatory damages.

## VIII.    EXEMPLARY DAMAGES

16. Kaswatuka restates the allegations above. Because the actions of USDHS and its agents were malicious, intentional of at least grossly negligent, Kaswatuka will be entitled to an award of exemplary (or punitive) damages. Kaswatuka requests judgment for the maximum amount of exemplary damages allowed by Tex. Civ. Prac. & Rem. Code, § 41.001, *et. seq*.

## IX.    ATTORNEYS' FEES

17. The federal statues cited above all call for awards of reasonable and necessary attorneys' fees. Kaswatuka estimates that these will be $75,000 through the jury trial; an additional $50,000 in the event of an appeal to the Court of Appeals; and an additional $30,000 in the event any party seeks review in the Supreme Court of the United States, Kaswatuka requests judgment for same.

## X.     PRAYER

Kaswatuka prays that (1) UHDHS be served and required to answer or otherwise suffer default; (2) that Kaswatuka be awarded all compensatory damages requested hereinabove; (3) that Kaswatuka be awarded all exemplary damages requested hereinabove in order to deter USDHS and others of similar ilk from engaging in such outrageous conduct in the future; (4) that Kaswatuka be awarded all attorneys' fees requested hereinabove; (5) that Kaswatuka be awarded her costs and all pre-judgment and post-judgment interest allowable by law; and (6) that Kaswatuka be awarded all other damages, whether general or special, at law or in equity, to which she may show herself to be justly entitled.

## XI.     JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b), Kaswatuka demands trial by jury.

Respectfully submitted,
BOYD & STAPLETON

By: s/ Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel.    (214)478-0152

Fax: (214)481-1878
Web  www.boydstap.com