

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DINA KASWATUKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-947-A |
| | § | |
| THE UNITED STATES DEPARTMENT | § | |
| OF HOMELAND SECURITY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, The United States Department of Homeland Security, to dismiss. Plaintiff, Dina Kaswatuka, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On November 9, 2019, plaintiff filed her complaint in this case. In it, she alleges: She worked as a security officer at DFW Airport until October 12, 2019. Doc.[1] 1 at 2, ¶ 4. She has exhausted her administrative remedies. Id. She suffered discrimination from representatives of defendant based on her race (African American), national origin (Congo), sex (female),

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

color (brown), and disability (military sexual trauma). Id. ¶ 5 & 3, ¶ 6.

Plaintiff asserts claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 200e-17 ("Title VII"), and 42 U.S.C. § 1983. She seeks to recover compensatory and exemplary damages and attorney's fees.

II.

Grounds of the Motion

Defendant says that all of plaintiff's claims fail. The ADA does not apply to federal employees and, even if plaintiff had brought a disability discrimination claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l ("Rehabilitation Act"), such claim would be preempted by the Aviation and Transportation Security Act of 2001, 49 U.S.C. § 44935 ("ATSA"). Her claim under § 1983 is preempted by Title VII. And, plaintiff has failed to state a claim under Title VII because she has improperly sued defendant itself rather than its currently acting Secretary. Doc. 25.

III.

Applicable Legal Standards

A. Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure

2

provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, which a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other

3

words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. At 679. "Determining whether a complaint states a plausible claims for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

B.  Subject Matter Jurisdiction

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its

4

existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

IV.

Analysis

As defendant notes, the provisions of the ADA are made applicable to federal employees through the Rehabilitation Act. Kemp v. Holder, 610 F.3d 231, 234 (5th Cir. 2010); Crawford v. U.S. Dep't of Homeland Sec., 245 F. App'x 369, 380 n.6 (5th Cir. 2007). However, even if plaintiff had asserted her disability discrimination claims under that provision, such claims would be preempted by the ATSA. Field v. Napolitano, 663 F.3d 505, 511-12 (1st Cir. 2011); Teamer v. Napolitano, No. H-11-1808, 2012 WL 1551309, at *1 n.2 (S.D. Tex. May 1, 2012); Tucker v. Ridge, 322 F. Supp. 2d 738, 743 (E.D. Tex. 2004).

An element of a claim under § 1983 is that the violation of rights must be by a person acting under authority of state law. 42 U.S.C. § 1983; Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999). Plaintiff only alleges that agents of defendant violated her constitutional rights. Doc. 1 at 4, ¶ 14. Federal

5

officials acting under color of federal, rather than state, law are not subject to suit under § 1983. Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev., 980 F.2d 1043, 1053 (5th Cir. 1993). And, even if officials of defendant were somehow acting under color of state law, plaintiff's § 1983 claim would be preempted by Title VII. Rolland v. U.S. Dep't of Veterans Affairs, 146 F. App'x 743 (5th Cir. 2005). See also Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976)(Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment). And, the Rehabilitation Act would also preempt such claims. Lollar v. Baker, 196 F.3d 603, 610 (5th Cir. 1999).

Finally, under Title VII, the only proper defendant is the head of the department, agency, or unit.[2] 42 U.S.C. § 2000e-16(c). As plaintiff has failed to name the Acting Secretary of the Department of Homeland Security as a defendant, her claims under Title VII must be dismissed. Quevedo v. Army & Air Force Exch. Serv., 234 F.3d 29 (5th Cir. 2000); Menchaca v. Frank, 993 F.2d 1544, 1993 WL 185783, at *1 (5th Cir. 1993). That plaintiff is now proceeding pro se does not exempt her from compliance

---

[2] The proper defendant in a Rehabilitation Act case is also the head of the department, agency, or unit. Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988).

with applicable rules of procedure and substantive law. Hulsey v. State of Tex., 929 F.2d 168, 171 (5th Cir. 1991).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed.

SIGNED June 5, 2020.

JOHN McBRYDE
United States District Judge

7